UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DESSIE NEELEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:11 CV 325 RWS |
| v. | ) |
| | ) |
| WOLTERS KLUWER HEALTH, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This pharmaceutical tort case is one of nine that was filed by different plaintiffs against numerous defendants in the Circuit Court for the City of St. Louis, Missouri and them removed to this district. Six of the cases have been remanded. In this case, Neeley asserts that she was injured after taking Wyeth's drug Reglan. Neeley alleges that Defendants Wolters Kluwer Health, Inc. ("WKH") and Wolters Kluwer U.S. Corporation ("WKUS") produced the patent education monograph ("PEM") attached to the filled prescription of Reglan that Neeley obtained. Neeley alleges WKH and WKUS were negligent and violated the Missouri Merchandising Practices Act by failing to fully inform Neeley in the PEM of the risks of taking Reglan.

This matter is before me on Defendant Wolters Kluwer U.S. Corporation's Motion to Dismiss [#29] and Defendant Wolters Kluwer Health, Inc.'s Motion to Dismiss [#27]. The motions will be denied without prejudice.

Defendant Wolter Klower U.S. Corporation ("WKUS") argues that I should dismiss the claims asserted against it because I lack personal jurisdiction over WKUS. WKUS argues that Missouri's long arm statute does not reach it because WKUS is merely a holding company that does not conduct business within Missouri. WKUS cites "Ex. A, Affidavit" throughout its

memorandum in support, however, no such exhibit is attached to either the motion or memorandum in support.

Plaintiffs argue WKUS's motion should be denied because they have been unable to conduct discovery. Plaintiffs have failed to file a motion requesting leave to do so.

Based upon the limited record before me, I cannot find as a matter of law that WKUS is entitled to the relief sought. As a result, I will deny Wolter Kluwer U.S. Corporation's motion without prejudice.

Wolter Kluwer Health, Inc. also argues that the claims asserted against it must be dismissed. In its choice of law analysis, WKH concludes that Kentucky law is probably applicable to the claims asserted by the Neeleys. WKH relies on the fact that the Neeleys are residents of Kentucky to draw the conclusion that Mrs. Neeley likely filed her prescriptions in Kentucky, likely ingested Reglan in Kentucky, and likely saw her physicians in Kentucky.

In their Response, Plaintiffs conclude that Missouri law is applicable because Kentucky and Missouri laws are substantially similar. Plaintiffs do not address the merits of WKH's choice of law analysis.

WKH has failed to provide any basis beyond mere conjecture for me to conclude, as a matter of law, that Kentucy law is applicable to Plaintiffs' claims. As a result, I will deny Wolter Kluwer Health Inc.'s motion without prejudice.
Accordingly,

**IT IS HEREBY ORDERED that** Defendant Wolters Kluwer Health Inc's Motion to Dismiss [#27] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED that** Defendant Wolters Kluwer U.S. Corporation's Motion to Dismiss [#29] is **DENIED without prejudice**.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of October, 2011.